[726 NYS2d 140]

In the Matter of JAY M. ZERIN (Admitted as JAY MYRON ZERIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 11, 2001

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*Richard M. Maltz,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 11 charges of professional misconduct. In his answer, the respondent admitted in part and denied in part the allegations contained in the petition. Charge Seven was withdrawn, and Charges Four, Six, Eight, Ten, and Eleven were amended before the hearing. After the hearing, the Special Referee sustained all of the charges. The petitioner now moves to confirm the Special Referee's report. The respondent cross-moves to confirm the Special Referee's report insofar as it sustained Charges Six and Nine and to disaffirm the report insofar as it sustained the remaining charges. In addition, the respondent argues that the sanction imposed should be limited to a public censure. Charges Three, Six, Nine, and Eleven are sustained in their entirety, and Charge Ten is sustained insofar as it alleged commingling.

Charge Three alleged that the respondent breached his fiduciary duty by failing to maintain escrow funds in a qualified banking institution, in violation of Code of Professional Responsibility DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]). On April 23, 1993, the respondent deposited two checks from Lisa Pagliarulo, whose husband, Richard, was his client, into his law firm's escrow account at Chemical Bank. He advised the petitioner that he withdrew the funds shortly thereafter, when the law firm dissolved, and that he kept the cash in his office.

Charge Six, as amended, alleged that the respondent failed to maintain a duly constituted escrow account by commingling escrow funds in his personal and/or business bank account and by making escrow disbursements from such account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). In December 1993, the respondent deposited all or part of the balance of funds that he was holding on behalf of Richard and Lisa Pagliarulo into his personal and/or business account at the Spring Valley branch of the Bank of New York. He subsequently wrote several checks therefrom on behalf of the Pagliarulos. Check No. 152, dated December 27, 1993, in the amount of $3,000, was payable to Lisa Pagliarulo and mailed to her by Richard T. Heelan, Richard Pagliarulo's co-counsel in a matter entitled *United States v Pagliarulo*. Check No. 160, dated February 1, 1994, in the amount of $3,000, was payable to Richard Pagliarulo. Check No. 166, dated February 2, 1994, in the amount of $2,500, was payable to Jay G. Horlick, Richard Pagliarulo's co-

counsel in *United States v Pagliarulo.* Check No. 167, dated February 2, 1994, was payable to cash and deposited into the account of Richard T. Heelan.

Charge Nine alleged that the respondent breached his fiduciary duty by failing to maintain and/or produce required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (d) (1), (2), (8) and (9) (22 NYCRR 1200.46 [d] [1], [2], [8], [9]). By letter dated June 19, 1998, the petitioner asked the respondent to produce his escrow account records for the relevant period beginning in March 1993. In a letter dated June 23, 1998, the respondent stated that the requested records were not available to him. On July 29, 1999, he advised the petitioner that the requested records were in the possession of the accountant for his law firm when the accountant died and could not be located.

Charge Ten, as amended, alleged that the respondent breached his fiduciary duty by commingling personal funds in his escrow account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). Sometime before January 21, 1992, Richard Pagliarulo gave the respondent $34,341.35 to pay the mortgage on his Florida apartment, where his mother was living. The respondent deposited that amount into his law firm's escrow account. The actual amount needed to satisfy the mortgage was $41,203.96, which the respondent paid on February 3, 1992, by escrow Check No. 1153, despite the fact that only $34,341.35 was on deposit therefor. Richard Pagliarulo never reimbursed the respondent for the $6,862.61 difference that was paid from the law firm's escrow account. The respondent deposited personal funds into the account to cover the shortfall.

Charge Eleven, as amended, alleged that the respondent breached his fiduciary duty by misappropriating escrow funds and/or commingling personal funds in his escrow account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On or before June 27, 1989, Richard Pagliarulo gave the respondent a check in the amount of $5,061.78 payable to his law firm, which was deposited into the firm's escrow account. The respondent wrote escrow Check No. 1019 dated June 27, 1989, against those funds to make a mortgage payment on Richard Pagliarulo's house on Staten Island. Richard Pagliarulo's check did not clear, and the respondent's check cleared. Richard Pagliarulo never reimbursed the respondent. The respondent deposited personal funds into the law firm's escrow account after the account was

"zeroed out." The respondent misappropriated escrow funds that he was holding on behalf of other clients and/or commingled personal funds with escrow funds.

In sum, Charges Three, Six, Nine, and Eleven are sustained in their entirety; Charge Ten is sustained insofar as it alleges that the respondent is guilty of commingling, and the remaining charges are not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record, the character letters submitted by him, the lack of any evidence of venality, his cooperation with the Grievance Committee's investigation, the lack of any injury to his clients, and the fact that he paid them money to which they were not entitled out of his own funds.

On October 19, 2000, the respondent was issued a letter of caution for conduct unrelated to the instant proceeding. On April 19, 2001, the respondent was issued a conditional letter of admonition, also for conduct unrelated to the instant proceeding.

Under the totality of the circumstances, the respondent is censured for his professional misconduct.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that Charges Three, Six, Nine, and Eleven are sustained, and Charge Ten is sustained insofar as it alleges commingling, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charges Six and Nine are sustained, and Charges One, Two, Four, Five, Seven, and Eight are not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Jay M. Zerin, is censured for his professional misconduct.